This is in reply to your letter of July 25, 1956, in which you asked for my opinion as to the length of the term for which a county may lease all or a portion of its airport for purposes relating to the airport. You referred to General Municipal Law, Section 352, subdivision 5, and to County Law, Section 215, subdivision 4.
On January 17, 1956, I rendered an opinion to you to the effect that the 10-year limitation on leases in subdivision 5 of Section 352 of the General Municipal Law relates only to leases of entire airports and does not apply to leases of portions of airports.
Subdivision 4 of Section 215 of the County Law authorizes the lease of county real property for a term not exceeding five years where the property "is not required for public use". In my opinion, subdivision 4 is not applicable to leases of portions of airports about which you are inquiring, since it cannot be said that the property falls within the restriction that it "is not required for public use" where it would be leased for purposes relating to the airport.
A lease of a portion of an airport under the circumstances here involved would, in my opinion, be made pursuant to subdivision 5 of Section 352 of the General Municipal Law. Such subdivision is silent with respect to the length of the term of a lease of a portion of an airport.
It is suggested that consideration be given to the adoption of a local law by any county which desires to specify the term for which a lease may be made of a portion of a county airport for purposes relating to the airport. Such a local law could be adopted pursuant to paragraph h of subdivision 5 of Section 301 of the County Law. Note is made of the fact that local laws which change provisions of laws relating to the alienation or leasing of county property are subject to permissive referenda (County Law, § 305, subd. 4).